Timothy Hall *vs.* William A. Power & others.

The superintendent of a rail road depot has not a right to order a person to leave the depot, and not come there any more, and to remove him therefrom by force, if he does come, merely because such person, in the judgment of the superintendent, and without proof of the fact, had violated the regulations established by the rail road corporation, or had conducted himself offensively towards the superintendent.

In the trial of an action for an assault and battery, brought against the superintendent

of a rail road depot, for expelling the plaintiff from the depot, for a supposed violation of one of the regulations established by the rail road corporation, the defendant cannot give in evidence former violations, by the plaintiff, of other regulations established by the corporation.

TRESPASS for an assault and battery. At the trial in the court of common pleas, before *Merrick*, J. the plaintiff introduced evidence tending to prove that on the 22d of March 1844, he sent his servant to the depot of the Western Rail Road, at Pittsfield, to purchase a ticket for his passage in the cars from that place to Richmond, and that the servant procured the ticket by employing a third person to purchase it : That on the next day, the plaintiff, having the ticket in his pocket, went to the depot, entered the room at the door where passengers usually enter to take the cars, and was proceeding through the room towards the stairs, which led to the platform where passengers entered the cars, when he was stopped by the defendant Power, but struggled to get by him, and was making his way to the stairs, when Power rang a bell : The plaintiff offered no evidence that any thing was said by either Power or Hall to the other : That the other defendants immediately appeared, and that Power ordered them to put the plaintiff out of the depot, which they did ; the plaintiff at the same time resisting their efforts ; and that this took place while the cars from the east were at the depot, and about to start for Richmond.

It was admitted that Power was superintendent at the depot, and that the other defendants were servants employed by the corporation, under him.

The plaintiff also gave evidence, that after he was expelled from the depot, and after the cars had left, he took his ticket from his pocket, and held it up, and requested those present to take notice that he had a ticket for Richmond; to which Power replied, that this was the first time he had shown his ticket.

The defendants then offered evidence, that for several months previously to this affair, a number of persons were in the habit of coming to the depot, at the time of the arrival and departure of the cars, for the purpose of soliciting customers

for the several hotels in the neighborhood of the depot ; and for the several carriages and lines of stages, which were accustomed to carry passengers to and from the depot : That the plaintiff kept a hotel near the depot, and that he and his servants were in the habit of coming, with others : That these persons were in the habit of crowding on the platform, to the great inconvenience and annoyance of passengers, and that frequent and great complaints were made by the passengers to the conductor of the train, and to Power, on this subject : That Power had frequently requested them to desist from the practice, but that his requests were disregarded, and the annoyance constantly grew worse : That about the 13th of March 1844, he issued a circular, stating the facts, and requesting innkeepers and others to discontinue the practice, and giving them notice, that they would thereafter be excluded from the platform ; which circular was sent to the plaintiff, and was received and read by him : That all other persons, except the plaintiff, desisted from going to the platform, and remained outside of the depot : That the plaintiff denied the right of Power to restrain him from going to the platform as often as he pleased, and expressed a determination to disregard his request : That on several occasions, he went to the platform, and that on Friday, and on Saturday morning, previously to the alleged assault, and while the trains were in, he forced his way down the stairs, against the efforts and remonstrances of Power ; and that Power repeatedly ordered him not to come to the depot any more, on account of his conduct.  Evidence was also offered, that at the time of the alleged assault, Power, before calling the other defendants to expel the plaintiff, and while he was going forward, told him not to go down stairs ; to which the plaintiff made no reply, but pressed forward.

The defendants offered evidence to prove that the plaintiff had violated other regulations of the depot, by carrying baggage through the room appropriated to ladies, and in other particulars.  This evidence was objected to by the plaintiff ; and the defendants thereupon admitting, that at the time when Power

expelled the plaintiff, he did not claim a right to expel him on account of the violation of any regulation besides that contained in the circular, and that they had no evidence to offer, in addition to that hereinbefore recited, tending to show that said expulsion was on account of the violation of any other regulation than that contained in said circular, the evidence was rejected by the court.

The cause was submitted to the jury, under instructions from the court as to the right of Power to remove the plaintiff from the depot by force, which were not objected to by defendants, except as follows, to wit : The defendants requested the court to instruct the jury, that Power had a right to order Hall to leave the depot, and not to come there any more, and to remove him therefrom by force, if he did come, if, in the judgment merely of said Power, the plaintiff had violated the regulations contained in said circular, or had conducted offensively towards said Power, although the fact that the plaintiff had violated such regulations, or had so conducted himself towards said Power, was not proved. But the court declined to give such instructions to the jury.

A verdict was returned for the plaintiff, and the defendants alleged exceptions.

*R. A. Chapman, W. G. Bates & Colt,* for the defendant.
*Bishop,* for the plaintiff.

DEWEY, J. The great and leading principles, upon which a case like the present is to be tried before the jury, were, after much consideration, fully settled and announced in the case of *Commonwealth* v. *Power*, 7 Met. 596. The distinction between the right of the public generally to enter upon a rail road, or its depot, or any of its appendages, and that to enter upon a public highway, was there fully stated. The necessity and propriety of rules and restrictions as to the entering upon the grounds appropriated to a rail road, and that authority might be properly exercised by the superintendent and agents of the company, in enforcing such rules and regulations, having for their object the public convenience, and the quiet and safety of travellers, were fully recognized in the

case above cited. Those doctrines we still adhere to. They were, as we suppose, fully stated to the jury, in the present case, by the presiding judge, as the rules of law governing this case, and to which the jury were to apply the evidence.

No exceptions were taken to the general course of the instructions as to the rules of law applicable to the case, or that those given did not comport with the opinion of this court in the case above alluded to. Two grounds of objection are taken ; one arising upon the refusal of the presiding judge to give certain instructious asked for by the defendants' counsel ; the other grounded upon the rejection of evidence offered by the defendants.

1. As to the instruction asked, which was to this effect, that the court instruct the jury "that Power had a right to order Hall to leave the depot, and not to come there any more, and to remove him therefrom by force, if he did come, if, in the judgment merely of said Power, the plaintiff had violated the regulations contained in said circular, or had conducted offensively towards said Power, although the fact that the plaintiff had violated such regulations, or had so conducted himself towards said Power, was not proved."

This instruction, if adopted, would justify the defendant in removing a person who had in all respects conformed to the rules and regulations of the rail road company, and who had in fact demeaned himself with perfect propriety, if, in the judgment merely of the superintendent, he had violated any regulations of the company. This, we think, would be carrying the principle too far ; quite beyond what the necessity of the case requires. With full power to make all necessary and suitable rules and regulations governing the conduct of all those who may enter, or attempt to enter, upon the rail road, at the depot for passengers, and with full power effectually to apply such rules and regulations, and remove every person who actually violates them, the company will possess all the authority that the exigency of the case will require. In the opinion of the court, this request for instructions was properly refused.

2. The remaining question is upon the exclusion of the evidence, offered by the defendants, to prove that the plaintiff had, on other occasions, violated other regulations, and particularly that he had passed with baggage through the room appropriated to ladies. The evidence offered would seem to be irrelevant. Looking at the case presented on the bill of exceptions, the seizure of the plaintiff was to prevent his going upon the platform, and for violating that regulation, and not to prevent him from passing through the ladies' room with baggage, or because he was about to do so. The proposed evidence as to the plaintiff's carrying baggage, on former occasions, through the ladies' room, we think, was not material in its bearing upon the question submitted to the jury. This exception is therefore overruled.

*Judgment on the verdict for the plaintiff.*